UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

MARQUIS COOK,

                                 Plaintiff,

      -against-

CITY OF NEW YORK, ALYSE RICH, Individually, GARY CHA, Individually, TRAVIS TENNANT, Individually, MICHAEL SOMMER, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                 Defendants.

----------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 0382
(SJ) (RLM)

<u>Jury Trial Demanded</u>

      Plaintiff MARQUIS COOK, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff MARQUIS COOK is a twenty-two year old African American residing in Brooklyn, New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants ALYSE RICH, GARY CHA, TRAVIS TENNANT, MICHAEL SOMMER, and JOHN and JANE DOE I through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On October 20, 2012, at approximately 7:40 p.m., plaintiff MARQUIS COOK was lawfully present inside of his building of residence, 390 Nostrand Avenue, Brooklyn, New York, when he was stopped, detained, and arrested by defendant NYPD officers ALYSE RICH and GARY CHA, who were, upon information and belief, accompanied by two other NYPD officers, defendants TRAVIS TENNANT and MICHAEL SOMMER.

13.     Defendants RICH, CHA, TENNANT and SOMMER lacked reasonable suspicion to stop and question plaintiff, and did not have probable cause to arrest him.

14.     When defendants RICH, CHA, TENNANT and SOMMER arrested plaintiff, a defendant officer grabbed plaintiff by the neck, pulled plaintiff's head down, kneed plaintiff in the head, and punched plaintiff in the neck, face, and back.

15.     Plaintiff was then slammed to the ground, kicked in his back and side, and handcuffed

16.     After plaintiff had been assaulted and handcuffed, a defendant officer, believed to be defendant CHA, stated in sum and substance: it's good for you black guys that they beat you up.

17.     The defendant officers imprisoned plaintiff in a police vehicle and transported him to the 79th police precinct station house.

3

18. After a period of time, an ambulance was summoned to the 79th precinct, which transported plaintiff to Woodhull Medical Center where he received treatment for the injuries the defendant officers inflicted upon him.

19. After plaintiff received treatment, the defendant officers continued to imprison plaintiff for approximately 24 hours until October 21, 2012, when plaintiff was finally released without any charges being filed against him via the determination of the Kings County District Attorneys' Office that – based on defendant Rich's version of the incident – plaintiff did nothing wrong or that would otherwise justify his false arrest.

20. As a result of the defendants' actions, plaintiff sustained pain, suffering, loss of liberty, and emotional injuries.

21. The defendant officers RICH, CHA, TENNANT and SOMMER either participated in and/or failed to intervene in the illegal conduct described herein despite a reasonable opportunity to do so.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a policy and practice of disproportionately stopping, assaulting, and arresting individuals due to discrimination against them based on their race or nationality, and due to a custom or practice of widespread falsification.

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the requirements to stop and arrest individuals,

disproportionately stop, assault, and arrest individuals due to discrimination against them based on their race or nationality, that they engage in unlawful trespass enforcement policies, and that they engage in a practice of falsification.

24. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

25. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26. As a result of the foregoing, plaintiff MARQUIS COOK sustained, *inter alia,* physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Federal Claims paragraphs"1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff MARQUIS COOK, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants arrested plaintiff MARQUIS COOK without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

36. Defendants caused plaintiff MARQUIS COOK to be falsely arrested.

37. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MARQUIS COOK'S constitutional rights.

40. As a result of the aforementioned conduct of defendants, plaintiff MARQUIS COOK was subjected to excessive force and sustained physical pain and suffering and emotional injuries.

41. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants had an affirmative duty to intervene on behalf of plaintiff MARQUIS COOK, whose constitutional rights were being violated in their presence by other officers.

44. The defendants failed to intervene to prevent the unlawful conduct described herein.

45. As a result of the foregoing, plaintiff MARQUIS COOK'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to excessive force.

46. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The defendants falsely arrested and subjected plaintiff MARQUIS COOK to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

49. As a result of the foregoing, plaintiff MARQUIS COOK was deprived of his rights under the Equal Protection Clause of the United States Constitution.

50. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys" fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, disproportionately

stopping, assaulting, and arresting individuals due to discrimination against them based on their race or nationality, engaging in a practice of falsification, engaging in another unlawful trespass enforcement and/or stop and frisk policy, as well as inadequate screening, hiring, retaining, training and supervising its employees.

57.     The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff MARQUIS COOK'S rights as described herein, As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARQUIS COOK.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARQUIS COOK as alleged herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARQUIS COOK as alleged herein.

61.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MARQUIS COOK was unlawfully arrested and subjected to excessive force.

62.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARQUIS COOK'S constitutional rights.

63.     All of the foregoing acts by defendants deprived plaintiff MARQUIS COOK of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from excessive force;

    D. To be free from the failure to intervene;

    E. To receive equal protection under law.

64.     As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69. Plaintiff has complied with all conditions precedent to maintaining the instant action.

70. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants arrested plaintiff MARQUIS COOK without probable cause.

73. Plaintiff was detained against his will for an extended period of time.

74. As a result of the aforementioned conduct, plaintiff MARQUIS COOK was unlawfully imprisoned in violation of the laws of the State of New York.

75. As a result of the aforementioned conduct, plaintiff MARQUIS COOK suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

76. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. As a result of the foregoing, plaintiff MARQUIS COOK was placed in apprehension of imminent harmful and offensive bodily contact.

79. As a result of defendant's conduct, plaintiff MARQUIS COOK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants made offensive contact with plaintiff without privilege or consent.

83. As a result of defendant's conduct, plaintiff MARQUIS COOK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

84. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

87. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

88. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

89. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MARQUIS COOK.

90. As a result of the aforementioned conduct, plaintiff MARQUIS COOK suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

91. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff MARQUIS COOK

94. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys" fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff MARQUIS COOK.

98. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

104. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

107. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article I §12)

108. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

110. As a result of the foregoing, plaintiff MARQUIS COOK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE,** plaintiff MARQUIS COOK demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined by a jury;

    (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 30, 2014

                            LEVENTHAL & KLEIN, LLP
                            Attorneys for Plaintiff MARQUIS COOK
                            45 Main Street, Suite 230
                            Brooklyn, New York 11201
                            (718) 722-4100

                          By: _____
                                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

MARQUIS COOK,

                                      Plaintiff,

     -against-                                                14 CV 0382
                                                           (SJ) (RLM)
CITY OF NEW YORK, ALYSE RICH, Individually, GARY CHA,
Individually, TRAVIS TENNANT, Individually, MICHAEL
SOMMER, Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100